**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KWASI MACK, *pro se*, | Case: 2:15-CV-2672 (SDW-SCM) |
| Plaintiff, | **OPINION** |
| v. | |
| CITY OF NEWARK, LT. ZUTIC, DET. GARY TREAUMONT, DET. PAUL RANGERS, DET. ANTHONY IEMMELLO, DET. KENNEDY, DET. SPENCER, DET. CASSIDY, JOHN DOES 1-10, MARVIN EURE, JR., | August 31, 2015 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is a Motion to Dismiss filed by the City of Newark ("Newark"), Lieutenant Zutic ("Zutic"), Detective Gary Treamont ("Treamont"), and Detective Anthony Iemmello ("Iemmello") (collectively, "Defendants"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants seek dismissal of *pro se* Kwasi Mack's ("Plaintiff") Complaint.

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343(a); 42 U.S.C. § 1983; and 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff resides in Belleville, New Jersey. (Compl. ¶ 8.) Newark is a municipal corporation organized under the laws of the State of New Jersey. (*Id.* ¶ 9.) Zutic, Treamont, and Iemmello are Newark police officers. (*Id.* ¶ 11.) Defendant Detectives Paul Rangers ("Rangers"), Kennedy, Spencer, and Cassidy are allegedly officers of another municipality's police department.[1] (Def.s' Motion. to Dismiss, 3 n. 1.)

On October 25, 2011, Marvin Eure ("Eure") was allegedly arrested by the V.I.P.E.R. unit of the Essex County Prosecutor's Office for controlled dangerous substance offenses. (Compl. ¶ 17). Plaintiff alleges that Eure was initially asked by Treamont and Rangers, during two hours of questioning, to identify Plaintiff with respect to a shooting in Newark (the "shooting"). (*Id.* ¶ 16.) Eure allegedly declined to identify Plaintiff as being involved in the shooting. (*Id.*) Fifteen minutes later, Defendant Zutic spoke to Eure, who then identified Plaintiff. (*Id.*) A video allegedly shows detectives leaving the interview room[2] prior to Eure changing his mind on Plaintiff's alleged involvement in the shooting. (*Id.* ¶¶ 16, 18.) Subsequently, Defendant Kennedy allegedly walks into the room with a photo array. Eure then implicated Plaintiff in the shooting. (*Id.* ¶¶ 6-18.)

On October 27, 2011, Zutic, Treamont, Iemmelo, Rangers, Kennedy, Spencer, and Cassidy ("Defendant Police Officers") "banged" on Plaintiff's door with guns drawn. (*Id.* ¶ 13-14.) Plaintiff alleges that he was thrown against a wall, searched, handcuffed, and taken into police

---

[1] Defendant Detectives Rangers, Kennedy, Spencer, and Cassidy have not responded to the Complaint, and several were not listed with their first names in the pleadings. This Court dismisses, *sua sponte*, all claims against the aforementioned Defendants for the same reasons set forth herein. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) (stating that *sua sponte* dismissal is appropriate if the basis for dismissal is "apparent from the face of the complaint").

[2] The Complaint is unclear as to which detectives leave the interview room at this point. (*Id.* ¶ 18.)

custody. (*Id.* ¶ 15.) According to Plaintiff, he was not informed of his rights or the reason for the arrest or search. (*Id.*) After Defendant Police Officers took Plaintiff to a building on Green Street in Newark, Defendants Treamont, Rangers, and Iemmello questioned Plaintiff regarding his alleged involvement in the shooting. (*Id.*) Plaintiff alleges that he maintained his innocence at all times. (*Id.* ¶ 22.)

Thereafter, Plaintiff was transferred to Essex County Correctional Facility for sixteen months to await trial. (*Id.* ¶ 19.) Afterward, Plaintiff was transferred to Camden County Correctional Facility for an additional "several months" before being transferred back to Essex County Correctional Facility. (*Id.* ¶ 21.) In total, Plaintiff allegedly spent "approximately 2 years" imprisoned, fourteen months of which were in solitary confinement. (*Id.* ¶ 26.) On July 10, 2013, charges against Plaintiff were dropped, and he was released. (*Id.* ¶ 21.)

On April 14, 2015, Plaintiff filed his Complaint *pro se* against Newark, the Defendant Police Officers, and Eure. (Dkt. No. 1.) Plaintiff alleges violations of his civil rights under Section 1983. (Compl. ¶¶ 33, 37; *see also* 42. U.S.C. § 1983.) Plaintiff alleges that these facts amount to: an illegal seizure in violation of the Fourth and Fourteenth Amendments; police harassment and intimidation in violation of the Fifth, Sixth, and Fourteenth Amendments; deprivation of Plaintiff's right of access to the courts in violation of the Fourth and Fourteenth Amendments; malicious prosecution and malicious abuse of process in violation of the Fourth and Fourteenth Amendments; and due process violations of the Fourth and Fourteenth Amendments ("Federal Claims"). (*Id.* ¶ 28.)[3] Additionally, with respect to state law claims, Plaintiff's allegations include among others, negligence, subornation of perjury, abuse, accessory and accomplice liability, collusion,

---

[3] These Federal Claims, along with false arrest and false imprisonment, are referred to in "Count One" of the Complaint. (Compl. ¶¶ 14-40.)

connivances, illegal concealment, conspiracy, deceit, duress, deprivation of state due process and equal protection rights, false representations, false pretenses, false arrest, false imprisonment, malicious prosecution, and misrepresentation ("State Claims").  (*Id.* ¶¶ 6, 31.)   Plaintiff also alleges that the "acts, omissions [including inadequate training], systemic flaws, policies or customs" of Newark caused officers to "falsely accuse[], arrest, imprison, and maliciously prosecute" innocent people due to the fact that such innocent people would "not be aggressively, honestly and properly investigated, "foreseeably resulting in an increased probability that the police officers would repeat their conduct against other alleged innocents ("failure to train" claim). (*Id.* ¶ 31.) Plaintiff seeks attorney's fees, court costs, wage loss, and punitive damages.  (*Id.* ¶ 29.)

On July 3, 2015, Defendants filed their Motion to Dismiss.  (Dkt. No. 10.)  Plaintiff did not file opposition.

**LEGAL STANDARD**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231.  However, "the tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether the allegations in a complaint are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

**DISCUSSION**

*Federal Claims[4]*

A municipality may be held liable under 42.U.S.C. § 1983 on the basis of vicarious liability only when the constitutional deprivation results from a deliberate choice as exemplified through "an official custom or policy." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-94 (1978)).  A policy results from "decisions of [a municipality's] duly constituted legislative body or of those officials whose acts may fairly said to be those of the municipality." *Bd of Cnty Com'rs of Bryan Cnty, Okl. v. Brown*, 520 U.S. 397, 403-404 (1997) (citing *Monell*, 436 U.S. at 694); *see also Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).  A custom results where the relevant practice—even if not formally approved—is "so widespread as to have the force of law." *Brown*, 520 U.S. at 404 (citation omitted). Municipal custom is established when an official with the power to make policy acquiesces in a well-settled custom. *Bielevicsz*, 915 F.2d at 850.

---

[4] Several of Plaintiff's claims are not clearly pled, but are merely listed in the Complaint.

In the instant matter, Plaintiff has not pled facts indicating that a municipal policymaker issued or maintained a policy that led to a deprivation of rights—including Plaintiff's alleged Fifth, Sixth, Eighth, and Fourteenth Amendment claims. Further, Plaintiff has not pled that officials or policymakers acquiesced in a well-settled custom. (*See generally* Dkt. No. 1.) Accordingly, Plaintiff's claims regarding these constitutional violations are dismissed.

Plaintiff also avers that Newark negligently failed to train its police officers, resulting in the alleged deprivations. Absent an unconstitutional policy, a municipality's failure to properly train its employees and officers can create an actionable violation of a party's constitutional rights under Section 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388, (1989). Success on a failure to train claim "must identify a failure to provide specific training that has a causal nexus [between the lack of the training and a plaintiff's] injuries." *Reitz v. Cnty of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Here, Plaintiff has failed to identify a specific training whose absence "can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." *Id.*; (*see generally* Dkt. No. 1). Plaintiff has insufficiently pled facts to support claims of a custom or practice that would lead to a deprivation of rights or a constitutional violation. Accordingly, Plaintiff's failure to train claim is dismissed. To the extent that Plaintiff asserts other federal claims, such claims are not viable as they have not been adequately pled.

*State Claims*

In New Jersey, the statute of limitations for Plaintiffs' false arrest and deprivation of state due process and equal protection claims is two years "after the cause of any such action shall have accrued." N.J.S.A. 2A:14-2(a); *see also Freeman v. State*, 347 N.J. Super. Ct. App. Div. 11, 21-

22 (2002); *Wiltz v. Middlesex Cnty Office of Prosecutor*, 2006 WL 1966654, at *5 (July 12, 2006). Plaintiff's cause of action with respect to false arrest accrued on October 27, 2011. (Compl. ¶ 15.) Plaintiff filed his Complaint on April 14, 2015—more than the two-year time period in which his cause of action was permitted. (Dkt. No. 1.) Thus, Plaintiff's false arrest claim and claims related to due process and equal protection are time-barred.

Pursuant to the New Jersey Tort Claims Act, N.J.S.A. § 59:1–1, et seq. ("NJTCA"), "a claim relating to a cause of action for . . . injury or damage to person or property shall be presented . . . not later than the 90th day after accrual of the cause of action." N.J.S.A. § 59:8–8; *see also Johnson v. Passaic Cnty*, 2015 WL 2400763, at *5 (D.N.J. May 19, 2015). Further, a plaintiff in a tort action against a public employee must provide notice of his claim no later than ninety days after the claim has accrued. N.J.S.A. § 59:8–8. The notice requirement applies "to all common law tort actions, including actions for malicious prosecution and abuse of process." *Johnson*, 2015 WL 2400763, at *5 (citing *Velez v. City of Jersey City*, 180 N.J. 284, 296 (2004) (finding "no justification" for the notion that NJTCA's notice requirement did not apply to all "common law tort claims" against public employees liable under the Act)); *see also Lassoff v. New Jersey*, 414 F.Supp.2d 483, 489 (D.N.J. 2006).

Here, Plaintiff's remaining state claims, including malicious prosecution and false imprisonment, are subject to the statute of limitations relating to the notice requirements for state tort actions directed against public entities. *See* N.J.S.A. 59:8-8. Pursuant to N.J.S.A. 59:8-8, "[t]he claimant shall be forever barred from recovering against a public entity or public employee if: a. The claimant failed to file the claim with the public entity within 90 days of accrual of the claim except as otherwise provided in [N.J.S.A. 59:8-9]; or b. Two years have elapsed since the accrual of the claim." N.J.S.A. 59:8-8. "A claimant who fails to file notice of his claim within 90

days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby." N.J.S.A. 59:8-9; *see also Nieves v. Newark Housing Auth.*, No. A-3991-06T1, 2007 WL 4335430, at *1 (N.J. Super. Ct. App. Div. Dec. 13, 2007) (holding that the statute of limitations under N.J.S.A. 59:8-8 may not be tolled past one year).

Here, Plaintiff's remaining state causes of action accrued at the latest on July 10, 2013 - the date when the charges were dropped and Plaintiff was released. (Compl. ¶ 21.) Since Defendants did not receive notice of these claims until more than one year later on April 14, 2015, this Court finds that Plaintiff's remaining state claims are time-barred.[5]

Additionally, to the extent that Plaintiff intended to plead malicious prosecution, his claims are insufficiently plead. Plaintiff's Complaint may be amended to meet the pleading requirements for a claim of malicious prosecution to the extent such claims could be made within the statute of limitations period.[6] However, at this time and as pled, Plaintiff has not satisfied the pleading requirements for a malicious prosecution claim, and his claims are time-barred.

*Punitive Damages*

A municipality is "immune" from punitive damages under Section 1983 unless immunity is expressly waived. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiff has pled no facts establishing waiver. (*See generally* Dkt. No. 1.) Further, the Tort Claims Act

---

[5] Further, Plaintiff's claims of Defendant Police Officers' alleged perjury are not appropriately brought under Section 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) (discussing witness immunity and noting that Section 1983 does not impose liability on officers acting "under color of law" for damages claims for allegedly giving perjured testimony).

[6] Such an amended pleading would need to be filed with this Court within thirty (30) days of the date of this Opinion.

bars "punitive damages awarded against a public entity." N.J.S.A. 59:9-2(c); *see also Mantz v. Chain*, 239 F. Supp. 2d 486, 508 (D.N.J. 2002). Accordingly, Plaintiff's claim for punitive damages is also dismissed.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**.

<u>s/ Susan D. Wigenton, U.S.D.J.</u>

Orig:      Clerk
cc:        Steven C. Mannion, U.S.M.J.
           Parties